HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VERA BRASHKIS and DV&I SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HYPERION CAPITAL GROUP, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NORTHWEST TRUSTEE SERVICES, INC.; BANK OF AMERICA, N.A.; WELLS FARGO BANK, N.A.; and DOES 1–20, <br><br> Defendants. | No. 3:11-cv-05635 RBL <br><br><br> ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS <br> [Dkt. #s 8, 20, 26] |

**INTRODUCTION**

THIS MATTER comes before the Court upon Defendants' Motions to Dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. [Dkt. #s 8, 20, 26].

This case arises from a home mortgage agreement between Plaintiff Vera Brashkis and Defendant Hyperion Capital Group, LLC. When Plaintiff defaulted on her mortgage, the property at issue was repossessed. Plaintiff asserts a variety of claims against Defendants, all based upon her assertion that they acted deceptively and fraudulently throughout the loan process.

The Court has reviewed the materials submitted in support of and in opposition to the Motions. For the reasons below, the Defendants' Motions to Dismiss are GRANTED.

ORDER - 1

**BACKGROUND**

**1. Brashkis Property**

On October 24, 2006, Plaintiff Vera Brashkis[1] executed and delivered a $500,000 promissory note to Defendant Hyperion Capital Group, LLC. To secure repayment of the Note, Brashkis executed and delivered to Hyperion a deed of trust on her Washougal, Washington Property. The Deed was recorded on October 31, 2006, and identified Defendant Mortgage Electronic Registration Systems, Inc. (MERS) as the nominee and beneficiary. Hyperion assigned beneficial interest under the Deed to Defendant Bank of America, N.A. The assignment of deed of trust was recorded on April 28, 2008. Bank of America then appointed Defendant Northwest Trustee Services, Inc. (NWTS) as successor trustee. The appointment of successor trustee was also recorded on April 28, 2008.

Brashkis subsequently failed to make required mortgage payments and defaulted on the Note. Bank of America pursued foreclosure under the Deed's power of sale provision. As trustee, NWTS conducted a foreclosure sale on July 15, 2011. There were no bids, and the Brashkis Property reverted to beneficiary Bank of America. The Bank received a trustee's deed, which was recorded on July 25, 2011.

**2. Procedural Background**

Plaintiffs filed this suit in Clark County Superior Court on July 22, 2011, against Hyperion, MERS, NWTS, Bank of America, Wells Fargo, and twenty unnamed officers. Plaintiffs allege that Defendants acted fraudulently and deceptively throughout the mortgage process. Defendant Wells Fargo Bank removed the case to Federal Court on federal question grounds under 28 U.S.C. § 1446. [Dkt. #1]. Plaintiffs seek money damages as well as declaratory and injunctive relief. Plaintiffs claim fraud, unfair business practices under Washington's Consumer Protection Act (RCW 19.86), prohibited practices under the Washington's Escrow Agent Registration Act (RCW 18.44), claims that Defendants aided and abetted each other in fraudulent activities, claims quiet title, and slander of title. Defendants filed Motions to Dismiss all claims [Dkt. #s 8, 20, 26].

---

[1] Brashkis alleges that DV&I Services, also involved in this case as a Plaintiff, is the current lawful owner of the subject Property pursuant to a quitclaim deed executed by Brashkis.

**DISCUSSION**

**1. Standard for Dismissal**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

**2. Fraud Claims**

Brashkis claims fraud against all Defendants. She claims Defendants falsely represented costs, fees, commissions, and risks associated with the loan. Her fraud claims hinge on Hyperion's and MERS' alleged failures of duties under the federal Truth in Lending Act (TILA) (15 U.S.C. § 1638) and the federal Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. § 2607).

Plaintiffs' TILA and RESPA claims are time-barred. TILA imposes a one-year statute of limitations on damages claims. 15 U.S.C. § 1640(e). Plaintiffs alleged violations stem from the loan application process. The limitations period begins to run when loan documents are signed.

*See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Brashkis signed the documents in October 2006. The one-year TILA limitations period has elapsed.

RESPA violations are also subject to limitations periods. An action may be brought "within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation . . . ." 12 U.S.C. § 2614. Sections 2605, 2607, and 2608 of the Act are all applicable to the fraud allegations here. Any alleged violations necessarily occurred at the time the loan was signed. Both the one- and three-year limitations periods have run. The fraud claim is time-barred. Defendants Motions to Dismiss Plaintiffs' fraud claims are GRANTED.

### 3. Consumer Protection Act Claim

Plaintiffs claim Defendants used unfair business practices in violation of Washington's Consumer Protection Act (RCW 19.86). Plaintiffs claim Defendants "rushed" Brashkis through the loan and escrow process, made the loan without regard to Brashkis' ability to meet the loan's terms, and violated TILA and RESPA. This claim is also time-barred. Section 19.86.090 provides a four-year limitations period from the time the cause of action accrues.

Brashkis took no action within the limitations period after signing loan documents. The limitations period has run. If Brashkis also means to support her claim with the alleged TILA and RESPA violations discussed above, those alleged violations are unhelpful, because they are independently time-barred. Defendants' Motions to Dismiss Plaintiff's CPA claim are GRANTED.

### 4. Escrow Agent Restriction Act Claim

Plaintiffs claim Defendants engaged in prohibited practices in violation of Washington's Escrow Agent Restriction Act (RCW 18.44). Section 18.44.301 identifies prohibited practices for "any escrow agent, controlling person, officer, designated escrow officer, independent contractor, employee of an escrow business, or other person subject to this chapter." Prohibited practices under the EARA include employing any means to defraud or mislead borrowers, engaging in any unfair or deceptive practice toward any person, and obtaining property through

fraud or misrepresentation. Plaintiffs allege Defendants falsely provided and ratified notarized documents, "rushed" Brashkis through the loan process, and violated RESPA.

Plaintiffs simply fail to allege any fact placing Defendants under the regulatory ambit of the EARA. Plaintiffs have not asserted that Defendants are escrow agents or any other of the identified persons regulated under the statute. Defendants point out that the state database of escrow agents and officers subject to the Act does not include any of their names. This claim is improper, because Plaintiffs have not alleged any fact to support the application of this statute to Defendants. Defendants' Motions to Dismiss Plaintiffs' EARA claim are GRANTED.

### 5. Aiding and Abetting Claim

Plaintiffs claim Defendants aided and abetted each other in deceptive and fraudulent acts. Washington recognizes a cause of action for aiding and abetting fraud in some circumstances. *Wash. Constr., Inc. v. Sterling Sav. Bank*, 163 Wash. App. 1027, 2011 WL 4043579, at *10 n.8 (2011) (citing Restatement (Second) of Torts § 876 (1977)). To succeed on an aiding and abetting claim, a plaintiff must show that a defendant "knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other." Restatement (Second) of Torts § 876(b). This claim requires a showing of agreement and concerted action among Defendants in committing the fraud. *See Martin v. Abbott Labs.*, 102 Wash.2d 581, 597–599 (1984).

The fraud claim underlying this aiding and abetting claim has been dismissed. *Supra* at 3–4. The aiding and abetting claim cannot proceed when the fraud claim does not. Furthermore, Plaintiffs fail to allege any fact establishing Defendants' knowledge of and assistance with deceptive or fraudulent conduct. Plaintiffs merely allege that Defendants *did* know and *did* assist. These legal conclusions are not factual allegations and insufficient to state a claim on which relief can be granted. Defendants' Motions to Dismiss Plaintiffs' aiding and abetting claim is GRANTED.

### 6. Injunctive Relief Claim

Plaintiffs seek injunctive relief barring collection of Brashkis' debt, creation of a lien on the Property, and foreclosure of the Property. The collection of debt via foreclosure sale already

occurred in July 2011. Plaintiffs claim for injunctive relief is moot. Defendants' Motions to Dismiss Plaintiffs' request for injunctive relief are GRANTED.

### 7. Loan Rescission

Defendants ascertain that Plaintiff seeks rescission of her loan agreement under TILA. The purpose of TILA rescission is to return parties to the *status quo ante*. *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003). Under TILA, a borrower will return money or property following rescission (15 U.S.C. § 1635(b)), but courts have discretion to require tender of advanced funds prior to rescission of a loan agreement. *See Yamamoto*, 329 F.3d at 1170. Where a borrower has not alleged an ability to tender such funds, this Court has been unwilling to allow TILA rescission to proceed. *See, e.g.*, *Moore v. ING Bank, FSB*, 2011 WL 1832797, at *3 (W.D. Wash. May 13, 2011) (holding a TILA rescission claim barred because of a borrower's failure to allege ability to tender). Brashkis has not alleged an ability to return funds advanced on the Note.

Additionally, the TILA limitations period has run, barring Plaintiff from rescinding the loan under that statute. To the extent Brashkis seeks rescission of her loan agreement, her request fails, and Defendants Motions to Dismiss any rescission claim are GRANTED.

### 8. Declaratory Relief Claim

Plaintiffs seek declaratory relief. DV&I requests a declaration that it holds clear title to the Property, and Brashkis requests a declaration that she does not owe any money pursuant to her loan. Plaintiffs also seek a declaration that various documents filed with Clark County are invalid. These requests for injunctive relief are thoroughly unsupported by factual allegations. DV&I is alleged to hold a quitclaim deed to the Property. A quitclaim deed does not in and of itself bestow title. It simply confers on grantee whatever interest grantor has in the Property at the time of transfer.

Plaintiffs have alleged no facts to support DV&I's assertion that it holds title, since Brashkis lost title to the property upon repossession by Bank of America. Brashkis' request for declaratory relief is similarly unsupported by factual allegations, as is the request for a

declaration of document invalidity. Defendants' Motions to Dismiss Plaintiffs' request for declaratory relief are GRANTED.

**9. Quiet Title Claim**

Plaintiff DV&I seeks quiet title of the Property. A quiet title action is designed to resolve competing claims of ownership or the right of property possession. *See Kobza v. Tripp*, 106 Wash. App. 90, 95 (2001). Under RCW 7.28.230(1), deeds of trust and mortgages create only a secured lien on real property. They do not convey ownership or a right to possess. None of the Defendants except Bank of America have a current claim of ownership. Therefore Defendants, other than Bank of America, are not the correct parties to engage in such an action.

With respect to Bank of America, Plaintiff fails to state a claim. Bank of America holds a trustee's deed to the Property following the foreclosure sale. The Deed of Trust Act provides that "after a trustee's sale, no person shall have any right, by statute or otherwise, to redeem the property sold at the trustee's sale." RCW 61.24.050. Washington law requires that a trustee's deed be delivered and sale finalized "unless the sale itself was void due to a procedural irregularity that defeated the trustee's authority to sell the property." *Udall v. T.D. Escrow Servs., Inc.*, 159 Wash.2d 903, 911 (2007). No such procedural irregularities are alleged here.

Plaintiff's quiet title claim depends upon loan rescission this Court refused to grant. *Supra* at 6. Furthermore, Plaintiff cannot rightly proceed on a quiet title claim when all the bases for it have been previously dismissed in this Order. The quiet title claim against Bank of America therefore fails. Defendants' Motions to Dismiss Plaintiff's quiet title claim are GRANTED.

**10. Slander of Title Claim**

Plaintiffs assert a slander of title claim against all Defendants. Slander of title is the employment of false words regarding a pending sale of property, published maliciously with the purpose of defeating plaintiff's title. *See Rogvig v. Douglas*, 123 Wash.2d 854, 859 (1994). The slander must result in plaintiff's financial loss. *Id*.

Plaintiffs fail to allege any use of false words by Defendants. Plaintiffs fail to allege any malicious publication. Plaintiffs fail to allege a pending sale or purchase of property at issue.

ORDER - 7

The slander of title claim seems to be based on Plaintiffs' allegation that Defendants did not properly file or record various documents. Defendants' alleged omission is insufficient to support a slander of title claim. Defendants' Motions to Dismiss Plaintiffs' slander of title claim are GRANTED.

## CONCLUSION

Defendants' Motions to Dismiss all claims are GRANTED.

**IT IS SO ORDERED.**

Dated this 8th day of December, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE